UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY L. JAMISON, | No. 2:14-cv-1194 MCE KJN P |
| Plaintiff, | |
| v. | ORDER |
| UNION BANK, et al., | |
| Defendants. | |

    Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

    Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

    Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

Unlike state courts, federal courts are courts of limited jurisdiction.  <u>See</u> U.S. Const. Art. III, § 2.  Thus, federal courts can hear only certain types of cases, which include "all civil actions arising under the Constitution, laws, or treaties of the United States", or "all civil actions where the matter in controversy exceeds the sum or value of $75,000, . . . , and is between (1) citizens of different states; . . . ."  28 U.S.C. § 1331, § 1332.  Federal courts "possess only that power authorized by Constitution and statute [.]"  <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994).  The party asserting jurisdiction bears the burden of proving the court has subject matter jurisdiction over his or her claims.  <u>Kokkonen</u>, 511 U.S. at 377.

In the complaint, plaintiff complains about actions taken by a corporation and its employee relating to a banking transaction.  The complaint, however, does not allege a basis for subject matter jurisdiction in this court.  The bank and its employee are not state actors as required under 42 U.S.C. § 1983.  The federal courts are courts of limited jurisdiction.  In the absence of a basis for federal jurisdiction, plaintiff's claims cannot proceed in this venue.  Because there is no basis for federal subject matter jurisdiction evident in the complaint, plaintiff is ordered to show cause why this action should not be dismissed.  Failure to allege a proper basis for subject matter jurisdiction will result in a recommendation that the action be dismissed.

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Within thirty days from the date of this order, plaintiff shall show cause why this action should not be dismissed for lack of subject matter jurisdiction.

Dated:  October 28, 2014

/jami1194.osc

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

2