1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JEREMY L. JAMISON,                    No.  2:14-cv-1194 MCE KJN P

12              Plaintiff,

13        v.                               FINDINGS AND RECOMMENDATIONS

14   UNION BANK, et al.,

15              Defendants.

16

17        Plaintiff is a state prisoner, proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18   § 1983, and is proceeding in forma pauperis pursuant to 28 U.S.C. § 1915.

19        In the complaint, plaintiff complains about actions taken by a corporation and its

20   employee relating to a banking transaction.  The complaint, however, does not allege a basis for

21   subject matter jurisdiction in this court.  The bank and its employee are not state actors as

22   required under 42 U.S.C. § 1983.  Plaintiff was directed to show cause why this action should not

23   be dismissed based on his failure to establish federal subject matter jurisdiction.

24        In response to the order to show cause, plaintiff appears to contend that because the Union

25   Bank is insured by the FDIC, the actions of Union Bank and its employee violated plaintiff's

26   constitutional rights.  Plaintiff claims funds were taken from his account and his account closed

27   once the bank learned that plaintiff "had been arrested for suspicion of forgery."  (ECF No. 22 at

28   2.)  Plaintiff states that the bank then entered plaintiff's name in a "worldwide data bank that

1

1    targets individuals for sketchy banking practices, making it hard to bank, receive credit, get loans,

2    etc." (ECF No. 22 at 2.)  Plaintiff claims that the charge of forgery was dropped, but that plaintiff

3    was left with a smear on his banking record.  Plaintiff alleges that the bank acted with deliberate

4    indifference, discriminated against plaintiff based on his race, and violated his right to equal

5    protection.  Plaintiff appended portions of the civil rights statute, 42 U.S.C. § 1983.  (ECF No. 22

6    at 4-8.)

7         A federal court is a court of limited jurisdiction, and may adjudicate only those cases

8    authorized by the Constitution and by Congress.  Kokkonen v. Guardian Life Ins. Co.,

9    511 U.S. 375, 377 (1994).  The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332,

10   confer "federal question" and "diversity" jurisdiction, respectively.  Federal question jurisdiction

11   requires that the complaint (1) arise under a federal law or the U.S. Constitution, (2) allege a

12   "case or controversy" within the meaning of Article III, § 2 of the U.S. Constitution, or (3) be

13   authorized by a federal statute that both regulates a specific subject matter and confers federal

14   jurisdiction.  Baker v. Carr, 369 U.S. 186, 198 (1962).  "A case 'arises under' federal law either

15   where federal law creates the cause of action or 'where the vindication of a right under state law

16   necessarily turn[s] on some construction of federal law.'"  Republican Party of Guam v.

17   Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (modification in original) (citing Franchise

18   Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 8-9 (1983)).  "[T]he presence or absence

19   of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides

20   that federal jurisdiction exists only when a federal question is presented on the face of the

21   plaintiff's properly pleaded complaint."  Provincial Gov't of Marinduque v. Placer Dome, Inc.,

22   582 F.3d 1083, 1091 (9th Cir. 2009).  To invoke the court's diversity jurisdiction, a plaintiff must

23   specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds

24   $75,000. 28 U.S.C. § 1332(a); Bautista v. Pan American World Airlines, Inc., 828 F.2d 546, 552

25   (9th Cir. 1987).  A case presumably lies outside the jurisdiction of the federal courts unless

26   demonstrated otherwise.  Kokkonen, 511 U.S. at 376-78.  Lack of subject matter jurisdiction may

27   be raised at any time by either party or by the court.  Attorneys Trust v. Videotape Computer

28   Products, Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).

Here, plaintiff has again failed to demonstrate that Union Bank or its employees were acting under color of state law.  Purely private conduct is not actionable under 42 U.S.C. § 1983.  Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999).  Although plaintiff now refers to race discrimination and equal protection, he has not identified proper defendants for such claims.  Plaintiff fails to allege that the defendants were state actors or that they were otherwise acting under color of law.  See Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 835 (9th Cir. 1999) (The party charged with a constitutional deprivation under § 1983 must be a person who may fairly be said to be a governmental actor) (citation and quotations omitted).  Section "1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong."  Id. (citing American Mfrs., 526 U.S. at 50 (citation and internal quotation marks omitted)).  Furthermore, plaintiff fails to allege facts showing how defendants' actions resulted in the deprivation of any constitutional right.  The fact that Union Bank is insured by the FDIC does not demonstrate that defendants were acting under color of state law.  Such insurance relationship also does not provide an alternative source of federal subject matter jurisdiction.  Plaintiff alleges no facts demonstrating that the parties are diverse.

Despite being granted a second opportunity to allege facts demonstrating federal subject matter jurisdiction exists, plaintiff has failed to do so.  Thus, this action should be dismissed for lack of subject matter jurisdiction.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for lack of subject matter jurisdiction.

3

1    These findings and recommendations are submitted to the United States District Judge

2  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

3  after being served with these findings and recommendations, plaintiff may file written objections

4  with the court and serve a copy on all parties.  Such a document should be captioned

5  "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that

6  failure to file objections within the specified time may waive the right to appeal the District

7  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

8  Dated:  April 30, 2015

9

10  /jami1194.fsc

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4